**In re Moses W. BRAXTON, a/k/a M.W. Braxton, a/k/a Mose Braxton, a/k/a Braxton Farm Supply, d/b/a Braxton Feed & Livestock, et al., Debtors.**

**Bankruptcy No. 90–02220.**

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Nov. 9, 1990.

W. Kirk Brown, Tallahassee, Fla., for creditor Farm Credit Bank.

Patricia S. Warren, Ft. Walton Beach, Fla., for debtors.

Walter Kelley, Albany, Ga., Trustee.

## ORDER ON MOTION TO DISMISS AND FOR EXTENSION OF TIME

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on November 8, 1990, on the Motion of the Farm Credit Bank of Columbia (FCB) to Dismiss this Chapter 12 case and on the Debtors' Motion for Extension of Time within which to file the debtors' farm plan. For the reasons set forth below, FCB's Motion to Dismiss will be granted and the Debtors' Motion for Extension of Time will be denied.

This case was filed pursuant to Chapter 12 of the Bankruptcy Code on July 3, 1990, and relief was accordingly ordered. The meeting of creditors pursuant to 11 U.S.C. § 341(a) was originally scheduled for July 23, 1990, and subsequently rescheduled by consent of the trustee and the attorney for the debtors to August 13, 1990.

The debtors filed their schedules and statement of affairs as required by § 521 of the Bankruptcy Code with their petition for relief. Included in the schedules was a listing of real and personal property owned by the debtors with the values asserted by the debtors with respect to such property. The record further shows that on August 13, 1990, the debtors applied for approval of their employment of a farm management consultant to advise and consult with them in the development of a feasible plan. The order approving such employment was entered by the court on August 16, 1990.

Other than objections by the trustee and by FCB to the exemptions claimed by the debtors and amendments by the debtors to their schedules, no further pleadings were filed relating to the development of a farm plan until September 14, 1990, seventy-four (74) days after the petition for relief was filed. That pleading was a motion of the debtors for valuation of the real and the personal property of the estate and a request for a three hour hearing on the valuation motions. Thereafter, on October 1, 1990, the 90th day following the filing of the petition for relief, the debtors filed their Motion for Extension of Time within which to file the debtors' farm plan. The grounds cited for the extension of time were that the plan would depend on valuation of the debtors' property and that therefore they should not be required to file the plan until such time as the property values had been determined by the court. Farm Credit Bank objected to the extension of time and moved to dismiss the case for failure to timely file a plan.

At hearing, and in the papers filed in this case it was pointed out and we will take judicial notice of the fact that the real property appraisal upon which the debtors seek to establish their land value was performed and the report dated on April 10, 1990, over a month and a half before this Chapter 12 case was filed. Furthermore, the same debtors had previously filed a Chapter 12 case in 1989 in which this court

conducted a valuation hearing and established a value of the real property by order entered on July 11, 1989. *In re Moses W. Braxton and Joyce A. Braxton*, 89–02059. That case was dismissed on motion of the debtors on July 20, 1989.

Section 1221 of the Bankruptcy Code requires the debtor in a Chapter 12 case to file a plan not later than ninety (90) days after the order of relief unless the court extends such period if "an extension is substantially justified". Section 1208 of the Code provides that the court may dismiss a case under this chapter for cause including the failure of the debtors to file a plan timely under § 1221. 11 U.S.C. § 1208(c)(3). The issue presented then is whether any extension of the time for the debtors to file a plan is substantially justified. If not, then the debtors' failure to file their plan within the ninety (90) days required by § 1221 constitutes grounds for dismissal of the case. As of the date of the hearing on the motion, 128 days after the petition was filed, a plan has yet to be filed. The sole justification given by the debtors for their failure to file the plan was that without the valuation of property, they could not reasonably formulate their plan. That valuation of property, both real and personal is the cornerstone of almost any Chapter 12 case is beyond dispute. The provisions of § 1225(a)(5) permit the debtors in a Chapter 12 plan to in effect write down secured claims to the value of the security and pay that value over a period of time and an appropriate rate of interest. This write down of secured loans is normally the primary function served by Chapter 12. Thus, before any action can be taken towards the formulation of a plan, values of property must be determined, either by negotiation or through valuation hearings. The period of ninety (90) days between a petition being filed and the time for filing a plan should be ample time for all valuations to be determined. The failure to even present the valuation issue to the court until sixteen (16) days before the time for filing of a plan in our view does not present a substantial justification for extension of the time to file such plan, especially in light of the fact that the debtors had their appraisal in hand well before they file their petition.

In this court, LR 408 provides a procedural requirement in Chapter 12 cases for a prompt determination of collateral values. That rule provides as follows:

> B. In cases filed under Chapter 12 or 13, upon the filing of the schedules and statement of affairs, the debtor shall notify all secured creditors in writing of the value, and the debtor's basis or justification for the values shown, of the collateral which secures their claim as set forth in the schedules. The attorney for the debtor shall file a certificate of service to evidence service of the notice pursuant to this Rule. The value of property subject to liens or security interests as set forth in the schedules shall be deemed to be the value of the property for purposes of confirmation and treatment of such creditor pursuant to a plan unless no later than twenty (20) days after such notice any party in interest files a motion to value collateral pursuant to Bankruptcy Rule 3012. The notice sent to secured creditors pursuant to this Rule shall notify such creditor that failure to file a timely motion to value collateral will result in such collateral being valued at the amount listed in the schedules for purposes of confirmation of the plan and treatment of such creditor's claim pursuant to the plan.

Nothing in this case demonstrates any justification for the debtors' failure to follow the procedure set forth in LR 408. Had that procedure been followed, valuation could have been concluded in plenty of time for the debtors to file their farm plan in a timely fashion. They failed to do so and thus were unable to file their plan in the time required by § 1221.

While failure to strictly follow LR 408 may not necessarily be a basis for dismissal of a Chapter 12 case, the failure to follow the procedures set forth therein absent a strong showing of good cause will make it very difficult to establish any substantial justification for extending the time for filing a Chapter 12 plan.

For the foregoing reasons, it is accordingly hereby

ORDERED AND ADJUDGED that:

1) The debtors' Motion for Extension of Time Within Which to File a Farm Plan be and same is hereby denied, and

2) The Motion of Farm Credit Bank of Columbia be and same is hereby granted and this case stands dismissed.

DONE AND ORDERED.